■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY PRESSA, Appellant.—Judgment of the Supreme Court, Kings County, rendered September 21, 1976, affirmed (see *McMann v Richardson,* 397 US 759, 774; *People v Nixon,* 21 NY2d 338, cert den 393 US 1067; *People v Ortiz,* 50 Misc 2d 451). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PRICE, Also Known as CALVIN WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 14, 1974, convicting him of burglary in the first degree (two counts) and possession of a weapon, as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. While many errors were committed during the course of this trial, it is clear beyond doubt that they did not affect the outcome of the case and the judgment should, therefore, be affirmed (see *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS RENDON, Appellant.—Appeal by defendant from a sentence of the Supreme Court, Kings County, imposed July 24, 1975, upon his conviction of manslaughter in the first degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment not to exceed 15 years. Sentence reversed, on the law, and case remanded to the Criminal Term for resentencing, as which time the court shall determine whether defendant is a youthful offender (see *People v Drummond,* 40 NY2d 990). The issue of whether youthful offender treatment should be given is a matter for the discretion of Criminal Term. Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v MICHAEL ROBINSON, Appellant.—Appeal by defendant (1) (by permission) from an order of the Supreme Court, Kings County, entered October 20, 1976, which denied his motion to vacate a judgment and sentence of the same court, rendered September 18, 1969, and (2) as limited by his brief, from a sentence of the same court, imposed November 17, 1975. Order and sentence affirmed. The record does not show that the plea of guilty which resulted in the 1969 conviction rested in any degree on a promise that defendant would be afforded youthful offender treatment (see *Santobello v New York,* 404 US 257, 262; *People v Caputo,* 36 NY2d 653). Although the court discussed youthful offender treatment before the plea was formally entered, it is clear that the plea was not predicated on such an offer nor "bargained", even in part, in exchange for such treatment. This is underscored by the fact that defendant did not seek to withdraw his plea when advised at sentencing that youthful offender treatment would be denied. Defendant is not, therefore, entitled to have his 1969 plea vacated. That decision renders the appeal from the 1975 sentence academic for the reason that defendant was properly sentenced as a second felony offender. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.